Reese, J.
delivered the opinion of the court.
The question presented by the record is, as to the validity of a writ of capias ad satisfaciendum sued out by the attorney of the defendant in error and placed in the hands of the plaintiff or sheriff of Fayette county. The validity of this process has been denied upon various grounds. First: Because the bill of costs annexed to the writ contains several items not written in words at length, but abbreviated; this, it is contended, renders the process void by the express provisions of the act of 1794, ch. 1, sec. 75, and the act of 1794, ch. 2, *319 sec. 8, and the decisions of this court thereon. 2 Yerger’s Reports, 230, 241 and 310. But the sections of the acts referred to, which are identical, relate to the issuance of process for the collection of costs exclusively, and the adjudications referred to were in cases where the process was so issued. We entertain no doubt that where the process issues for the collection of the debt or damages the annexation of the copy of the bill of costs, abbreviated in some pr in all the items, should not have the effect to render invalid the process as to the debt or damages, or absolve the sheriff from the duty of making execution thereof, even if in such case he might omit to collect the items of costs improperly abbreviated. Secondly: It is objected to the validity of the capias ad satisfaciendum that it was issued by a person who, although in the habit of transacting on behalf of the clerk, and by his request when he happened to be absent, certain business of the office of a merely ministerial character, was not in point of law or fact a deputy clerk, not having taken an oath of office or received an appointment written or verbal from the clerk constituting him a deputy. The record shows the objection to be well taken in point of fact. By the act of 1794, ch. 1, sec. 72, it is required that all deputy clerks .shall take the oath appointed for the qualification of public officers and an oath of office. The case referred to in Martin and Yerger’s Reports establishes only that it is competent for a person not regularly appointed and qualified as deputy clerk to perform under the eye and superintendence of the court services of a ministerial nature. The legal operation of this state of things is to make invalid the process in the case before us. The act of 1831, ch. 40, sec. 6, prohibits the issuance of such process in general, and permits it only under certain circumstances, to be ascertained and verified by the oath of the party suing out the process. The clerk must not only therefore take the affidavit of the party by administering to him an oath, but he must'judge of the conformity of the affidavit with the requirements of the law. The duty therefore is in its nature judicial, and by no means to be per'formed by the hcvm tcnens, frqm courtesy, of a clerk’s of *320 fice, himself not sworn; the liberty of the citizen, the policy of the statute, and the general principles of law would be alike violated by the assumption and exercise of such a power. It is not necessary for us to determine whether a deputy clerk, regularly appointed and duly qualified as such, has power to take the affidavit and issue the capias ad satis-faciendum provided for in the act of 1831. The question is clear of all difficulty as to one in the situation of the person in the record mentioned as having taken upon himself the duty. He had no such power. The case of Street vs. Vanderpool, 8 Yerger, referred to as sustaining the validity of the proceeding in the case before us, is governed by a different principle and is founded upon a state of facts totally different. The circuit court in this case having charged the jury that the law upon the point above discussed was not in conformity with the views which we have here expressed, the judgment must be set aside and a new trial be had, in which the action of the court will be guided by the opinion now given.